MANUEL MIGUEL, Plaintiff and Appellant, *v.* HERNAIZ TARGA & Co., SUCCRS., *S. en C.,* ET AL., Defendants and Appellees. JOSÉ SALIM ET AL., Plaintiffs and Appellants, *v.* SAME.

Nos. 7139 and 7141. Argued May 6, 1937.—Decided May 26, 1937.

*Pedro G. Quiñones* for appellants. *Angel A. Vázquez* for appellees.

Mr. Justice Travieso delivered the opinion of the court.

The above-entitled cases were consolidated for the purpose of the introduction of the evidence, and were decided by a single judgment rendered by the District Court of San Juan, as both were brought against the same defendants and involved the same transaction. We shall consider them jointly herein.

The defendant partnerships, as petitioning creditors, filed in the United States District Court for the District of Puerto Rico, their petition No. 951, to have the debtor Pedro Tartak adjudged an involuntary bankrupt.

On February 2, 1931, the judge of the U. S. District Court, after hearing the testimony of several witnesses, and based upon the sworn statement of Enrique B. Sánchez, issued a search warrant which reads as follows:

"In the District Court of the United States for the District of Puerto Rico—In the matter of Pedro Tartak, Bankrupt No. 951, Bankruptcy—Upon the affidavits of Enrique B. Sánchez, filed in this case, it is ordered and directed that the U. S. Marshal search the following premises:

"The lower floor of a house located at No. 11 República St., Santurce, P. R., and the house located at No. 9 Isern St., Santurce, P. R., and seize all merchandise found therein and retain same in his possession until the further order of this Court. San Juan, P. R., February 2, 1931. (Sgd.) Ira K. Wells, U. S. District Judge."

The plaintiff Manuel Miguel alleges that in compliance with the above-transcribed order, a marshal of the Federal Court, by force and with violence, invaded and searched two apartments of house No. 9, Isern St., and subsequently searched in the same way the ground floor of plaintiff's house.

Said plaintiff claims damages amounting to $15,000, and the costs of the action. The averments of the complaint are as follows:

1. That the search warrant is null and void (*a*) because it is based on insufficient information; (*b*) because it does not describe the place to be searched, nor the person whose house is to be searched, nor the property to be searched; and (*c*) because no probable cause appears on the face of the warrant to justify its issuance.

2. That from the return of the marshal it appears that he found no merchandise whatsoever in the house of the plaintiff.

3. That the search warrant was issued, and that the marshal acted, at the instance of the defendants, as petitioning creditors in the bankruptcy proceedings had against Pedro Tartak.

The complaint presented in case No. 7141 contains practically the same allegations set forth in the one filed in case No. 7139; and the sum of $5,000 is claimed therein as damages.

The defendants specifically denied the essential averments of both complaints and on the contrary alleged that the search warrant was issued and executed without any intervention whatsoever on the part of the defendants, and that it was made at the request of the receiver and of the referee in bankruptcy, who acted in accordance with the information given by persons other than the defendants; and that although it is true that from the search warrant itself no probable cause appears, however, there was sufficient probable cause for its issuance, because as a result of the issuance of said warrant and of the execution thereof, property which belonged to the bankrupt estate, and which had been hidden in house No. 11 on República Street, was found.

The district court gave judgment for the defendants in both actions, without special imposition of costs. And the plaintiffs in both cases, feeling aggrieved by that decision, appealed therefrom. In their briefs they urge that the trial court erred in weighing the evidence and that the judgments are contrary to law.

The nullity of the search warrant was expressly admitted by the defendants, and was declared by this court in the case of *Miguel* v. *Alvarez, ante,* p. 386.

The only questions which we are now called to decide are:

1st. What intervention or participation did the defendant partnerships have in the obtention and execution of the search warrant and in the search of plaintiff's house?

2nd. In case the defendants had any intervention or participation therein, have the plaintiff introduced sufficient evidence to prove the damages claimed to have been suffered in consequence of the search of their homes?

3d. Are the plaintiffs entitled, under the evidence, to punitive damages?

The trial court in its statement of the case and opinion declared proven the following facts:

That the defendant partnerships were the petitioning creditors in the bankruptcy proceedings against Tartak, and that their attorney was Luis Toro Cabañas, Esq.; that the latter, in the name of the petitioning creditors, filed in the Bankruptcy Court a petition for the examination of witnesses before the adjudication, in accordance with section 21 A of the Bankruptcy Act, and alleged that merchandise and goods of the bankrupt had been taken from his establishment and concealed in several places, so that the receiver had not been able to take possession of all the property of the bankrupt; that Attorney Toro Cabañas, in representation of the petitioning creditors, attended the creditors' meetings held on January 22 and 26 of 1931; that on February 2, 1931, the said attorney instructed two detectives to search for Enrique Ballester Sánchez, who was taken to the office of the attorney and from there to the office of the clerk of the Federal Court, where he gave the affidavit that served as a basis for the issuance of the search warrant in question; that the warrant was delivered to the marshal (it was not stated by whom); that the marshal made the search of house No. 11, República St., inhabited by José Francisco, finding there merchandise and goods of the bankrupt; that the marshal also made a search in the apartments of the plaintiffs, using no force or violence, and that he was accompanied in the execution of

the search by Attorney Luis Toro Cabañas and two other persons; that in the search of the apartments of the plaintiffs no goods of the bankrupt were found; and after considering the evidence for both sides, the court reached the following conclusion:

"By the result of the evidence introduced we consider that Attorney Luis Toro Cabañas, who represented the defendants in the involuntary bankruptcy of Pedro Tartak, on February 2, 1931, was the person who took steps for the appearance of Enrique Ballester Sánchez, whose sworn statement served as a basis for the issuance of the search warrant, and that said attorney was the person who obtained the said warrant from the judge and also accompanied the marshal in the search, although the said attorney made no urge or instigation to the marshal for the said search."

■ The action of Attorney Luis Toro Cabañas was taken for the protection and benefit of the interests of the defendants herein, petitioning creditors in the bankruptcy proceeding instituted by them. As the attorney of record, he had implied authority to do all acts necessary and proper within the bankruptcy proceeding, to secure and place within the the jurisdiction of the court the property of the bankrupt; and such acts, in the absence of fraud, were binding on his clients. See: 2 R.C.L., paragraph 63, p. 986, and *Bank of San Juan* v. *District Court of San Juan,* 32 P.R.R. 774.

■■ The legal maxim *quit facit per alium facit per se* is applicable to the present case. If the attorney, acting as agent and legal representative of the defendants and with the purpose of protecting the interests entrusted to him, instigated and procured the issuance of a warrant for the search of the house of the plaintiffs, and helped in the execution of the same, maliciously, without probable cause, and without complying with the necessary legal requirements for the validity of said warrant, the defendants are liable for any damages caused to the plaintiffs as a result of the execution of an invalid warrant. See *Weaver* v. *Ficke,* 192 S. W. 515, and the note appearing in 45 A.L.R. 609.

The right of every citizen to be secure against unreasonable searches and seizures is expressly guaranteed by the Organic Act of Puerto Rico and by the Federal Constitution; and the violation of that right without a reasonable cause gives a right of action to the injured party. The Organic Act of Puerto Rico provides:

"That no warrant for arrest or search shall issue but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized." (Section 2, par. 14.)

The search warrant was invalid. The search made in the apartments of the plaintiffs by virtue of said order was illegal and in violation of the constitutional rights of the plaintiffs. And the warrant having been obtained and the search made at the request and with the intervention of the attorney for the defendants, the latter are responsible for any damages that the plaintiffs may have suffered. The lower court erred in deciding that the evidence was not sufficient to justify a judgment for the plaintiffs.

We agree with the trial court that the evidence introduced by the plaintiffs to prove the damages specifically alleged in the complaint is insufficient.

Let us see now whether the proven facts justify the granting of punitive damages to the plaintiffs.

In the case of *Weaver* v. *Ficke, supra,* the court, in granting punitive damages to the plaintiff, said:

"But it is insisted that the evidence did not authorize a punitive damage instruction as to Weaver. We have frequently written that punitive damages may be recovered where the entry is made maliciously, or in wanton disregard of the plaintiff's rights. (Citations.) It must be remembered that in a case like this malice does not mean mere ill will against a person, but means a wrongful act, intentionally done, without just cause or excuse. Here the trespass was not accidental, but intentional. It was likewise wrongful and unjustifiable . . . . Having aided and advised the procurement of the warrant and the resulting trespass, and thus set the officers in motion,

Weaver is responsible for the high-handed acts of the officers which accompanied the trespass. Under these circumstances, the punitive damage instruction was clearly authorized.''

We do not agree with the conclusion of the lower court in holding that from the evidence ''it appears that no one acted with malice or without probable cause,'' inasmuch as it happened that a part of the merchandise sought was found in house No. 11, República St., of José Francisco. The plaintiffs have a constitutional right not to be molested, and to have the peace and tranquility of their homes undisturbed by searches without a warrant legally obtained and without a probable cause justifying it. We cannot admit as evidence showing the existence of a probable cause to justify the search made in the houses of the plaintiffs the fact that a part of the merchandise alleged to have been hidden by the bankrupt was found in the house of José Francisco, and it does not appear from the evidence that the latter is a relative or employee of the plaintiffs.

To sustain an action as the one brought by the plaintiffs, it is not necessary to prove that they were arrested or that their property was seized, nor is it necessary that they should have been expressly charged with hiding goods of the bankrupt to help him defraud his creditors. The essence of the wrong done to the plaintiffs is the invasion of their homes with the announced purpose of making a search to look for merchandise alleged to have been hidden there by a bankrupt with the intent of defrauding his creditors, and in having subjected the plaintiffs to the shame and humiliation of being exposed to the public as persons capable of confabulating with others to commit a fraud. See *Krehbiel* v. *Henkle,* 121 N. W. (Iowa) 378.

We are of opinion that the lower court erred in rendering judgment for the defendants. As the nullity of the search warrant has been admitted, as no sufficient probable cause appears from the evidence to justify the action taken against

the plaintiffs, and as the search was not accidental but intentional and was made without considering the rights of the plaintiffs, the judgment appealed from must be reversed and substituted by another for the plaintiffs and adjudging the defendant Hernaiz Targa & Co., Sucrs., *S. en C.,* Melón Hermanos & Co., *S. en C.,* and Catalán González & Co., *S. en C.,* to pay jointly and severally to Manuel Miguel, plaintiff in case No. 7139, the sum of $500 as damages, together with the costs, expenses and disbursements of the suit, both in the lower court and in this Supreme Court; and in case No. 7141, to pay to the spouses José and Adela Miguel, plaintiffs, for their benefit the sum of $500 as damages, and the costs, expenses and disbursements incurred by them in the lower court and in this Supreme Court. The costs allowed shall not include attorney's fees.